FILED
JUL 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven Deon Turner Jr., )
  )
    Petitioner, )
  )
v. ) Civil Action No. 17-1209 (UNA)
  )
  )
Paul A. Bacigalupo *et al.*, )
  )
    Respondents. )

MEMORANDUM OPINION

    Petitioner, a California state prisoner proceeding *pro se*, has filed a "Civil Complaint in the Form of a Habeas Corpus Demand for Jury Trial." Despite the improper conflation of actions, petitioner is essentially challenging his state convictions. *See People v. Turner*, No. B259916, 2016 WL 67356, at *1 (Cal. Ct. App. Jan. 5, 2016) (affirming convictions for shooting at an occupied motor vehicle, possession of a firearm by a felon, possession of ammunition, and resisting a peace officer). Such a challenge is the province of habeas corpus, which is codified at 28 U.S.C. §§ 2241-2255. A district court may grant a writ of habeas corpus only "within [its] respective jurisdiction[,]" *id.* § 2241, which is "where the prisoner both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction," *Harris v. United States*, 148 F. Supp. 3d 1 (D.D.C. 2015) (quoting *U.S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969)).

    The habeas statute authorizes federal court review of state convictions under 28 U.S.C. § 2254 after the exhaustion of available state remedies. *See id.* §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person

is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).  Petitioner has no recourse in this Court; therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

DATE: July 13, 2017

_____
United States District Judge